| United States District Court | Southern District of Texas |
|---|---|

Michael Hernandez, §
§
      Plaintiff, §
§
versus §    Civil Action H-10-3099
§
Canal Indemnity Co. and §
Canal Insurance Co., §
§
      Defendants. §

## Opinion on Summary Judgment

1.    *Introduction.*

After being severely injured when his tractor-trailer collided with another vehicle, Michael Hernandez sued Canal Indemnity Company and Canal Insurance Company for negligent misrepresentation. Hernandez said that he relied on representations by the companies that his medical bills would be paid by his employer's insurance policy. Both Canal companies seek a summary judgment. They will prevail.

2.    *Background.*

Hernandez was driving a tractor-trailer when he collided with an uninsured driver in December 2006 in Newark, New Jersey. Hernandez, a Texas resident, spent almost two weeks in a New Jersey hospital, followed by almost a month of treatment at a Houston hospital. By the time Hernandez left the second hospital in February 2007, his medical costs were nearly $300,000. Hernandez was treated over the next year at a cost of about $6,500, including $5,500 of magnetic resonance imaging in February 2008.

South Carolina-based Canal Indemnity Company insured Hernandez's employer, Richard Torreblanca. In the policy covering Hernandez's wreck, Torreblanca had rejected uninsured-motorist coverage. The policy covered Hernandez's liability to others. Canal Insurance Company defended Hernandez after his passenger sued him for his injury. The attorney's initial letter to Hernandez – dated September 19, 2007 – said that he would represent Hernandez's interests "in connection with a claim arising out of" the accident. Near

the end of the letter, the attorney asked Hernandez to search for "driver's logs, photographs, bills and/or repair invoices."

Hernandez also says a claims adjuster and a lawyer hired by Canal asked Hernandez about his medical bills while they investigated the personal injury lawsuit in June and July 2008.

Hernandez filed a claim with Canal for uninsured motorist benefits on October 16, 2007. The next day, Canal wrote, referring Hernandez to the lawyer representing him in the personal injury lawsuit. Almost two years later, in May 2009, Hernandez sent a letter to Canal demanding uninsured-motorist benefits to pay for his medical bills. Canal responded on June 6, 2009, with a letter that said Torreblanca's insurance policy did not cover injuries caused by an uninsured driver.

3. *Negligent Misrepresentation.*

To prove negligent misrepresentation, Hernandez must show: (1) Canal said that his employer's policy would cover his medical bills; (2) the policy clearly did not pay for these expenses; (3) Canal acted unreasonably in telling Hernandez that his bills would be paid; (4) Hernandez justifiably relied on Canal's statements; and (5) his reliance caused him to change his economic position.[1]

A. *Representations.*

Hernandez has not shown that Canal told him that his medical bills would be paid by Torreblanca's insurance policy. No reasonable person could find that Canal's defense of Hernandez was an independent promise to pay his medical bills. Canal also did not say that the insurance policy included uninsured-motorist coverage when it responded to Hernandez's claim; it referred him to the lawyer Canal hired to defend Hernandez.

Further, Hernandez did not buy the policy. He did not negotiate the insurance policy, so he did not know what representations were made at the time of the contract. As a beneficiary of the policy, Hernandez is restricted to the terms that Torreblanca agreed to in his contract with Canal.[2] A change to an insurance policy must be a separate contract, and Hernandez did nothing in consideration of a promise by Canal to pay his medical bills.[3] If Canal did mistakenly

---

[1] Fed. Land Bank Ass'n. v. Sloane, 825 S.W.2d 439, 442 (Tex. 1992).

[2] Seguros Tepeyac, S.A. v. Bostrom, 347 F.2d 168, 182 (5th Cir. 1965).

[3] Travelers Indem. Co. v. Edwards, 462 S.W.2d 533, 535 (Tex. 1970).

make representations that Hernandez's claims were valid, Canal still would not be bound to pay for injuries that were not covered by the insurance policy because the adjustment of the claim does not alter the text of the policy.[4]

    B. *Causation and Injury.*

Even if these were representations that Hernandez's medical bills would be paid by Canal, his reliance on them could not have caused the injury that he claims. He says he would not have undergone some treatments if he knew Canal would not pay his bills.

Hernandez contends the first representation by Canal was the letter in September 2007 from the lawyer hired by Canal. By that time, however, Hernandez had had most of his medical treatment. Hernandez could not justifiably rely on the letter during the preceding December and January, when he had six weeks of emergency medical care.

After the lawyer's letters, the only sizeable medical bill was $5,500 for a test in February 2008. Hernandez did not talk with Canal investigators until months after the final medical treatment that he wants Canal to pay.

Hernandez would not have declined reasonably necessary health care if he knew Canal would not pay for it. He did not change his position because of Canal.

4.     Conclusion.

    Hernandez has nothing to support his claim that Canal representatives told him that his medical bills would be paid by his employer's insurance policy. Even if these communications could be construed as promises of payment, Hernandez's reliance on them could not have caused him to seek additional medical care because he was treated before those representations. Canal Indemnity Company and Canal Insurance Company are not liable.

Signed on November 14, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] Hodges Food Stores, Inc. v. Gulf Ins. Co., 441 S.W.2d 309, 312 (Tex. Civ. App.–Dallas 1969, no pet.).